IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARMANDO HERRERA,

        Plaintiff,                    No. CIV S-10-1744 EFB P

    vs.

GARDNER, et al.,

                                     ORDER AND
        Defendants.           FINDINGS AND RECOMMENDATIONS

        Armando Herrera, an inmate confined at California Medical Facility, filed this pro se civil rights action under 42 U.S.C. § 1983. In addition to filing a complaint, he has filed an application to proceed in forma pauperis, two letters, and a motion for a temporary restraining order against CDCR staff. *See* Dckt. Nos. 2, 6-9. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.    Request to Proceed In Forma Pauperis**

        Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 2. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

1

## II. Screening Order

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

2

42 U.S.C. § 1983. An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim. Plaintiff's complaint states that in 2006 he had a parole hearing and was denied parole for five years, so that the next hearing would be in 2011. Compl., Dckt. No. 1 at 3. He claims that in 2009 the board of parole terms held a hearing without him being there. He asks that he be granted a parole date and released. As discussed below, a challenged to the parole determination may not be asserted by way of § 1983 claim.

Plaintiff's claims challenge the validity of his current incarceration. Such a claim might properly be brought in a habeas petition, but not in this § 1983 action. The Supreme Court has held that "a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis added); *see also Edwards v. Balisok*, 520 U.S. 641 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994). Were plaintiff to succeed on his claims that his parole hearing was conducted unconstitutionally, those findings would necessarily implicate the validity of plaintiff's sentence and current incarceration. *See Heck*, 512 U.S. at 487. Plaintiff has not demonstrated that his sentence and/or release date has previously been invalidated. Thus, his complaint does not state a claim for relief and must be dismissed.

Plaintiff also seeks a temporary restraining order ("TRO"). The standards for a TRO are essentially the same as that for a preliminary injunction. To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to

1  suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his
2  favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109,
3  1127 (9th Cir. 2009), citing *Winter v. Natural Res. Def. Council, Inc.*, __ U.S. __, 129 S.Ct. 365,
4  374 (2008).  The Ninth Circuit has also held that the "sliding scale" approach it applies to
5  preliminary injunctions as it relates to the showing a plaintiff must make regarding his chances
6  of success on the merits survives *Winter* and continues to be valid.  *Alliance for Wild Rockies v.*
7  *Cottrell*, __ F.3d __, 2010 WL 3665149, *8 (amended September 28, 2010).   Under this sliding
8  scale the elements of the preliminary injunction test are balanced.  As it relates to the merits
9  analysis, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of
10 likelihood of success on the merits.  *Id.*

11      In cases brought by prisoners involving conditions of confinement, any preliminary
12 injunction "must be narrowly drawn, extend no further than necessary to correct the harm the
13 court finds requires preliminary relief, and be the least intrusive means necessary to correct the
14 harm." 18 U.S.C. § 3626(a)(2).

15      In this case, plaintiff has not met these requirements.  His letters and motion state that his
16 brother is a drop-out from a prison gang and that because of this he has been threatened by
17 another inmate.  He states that he requested protection from the prison staff, but that Sgt. Vierra
18 said that he would not help plaintiff because plaintiff had filed a civil action against CDCR board
19 members in Sacramento.  He also states that Doctor Norrise told him that the correctional
20 officers were planning to put someone violent in his cell so that they would beat him up.
21 Plaintiff requests help from the court.  But the issues raised in this motion do not appear to relate
22 in any way to the issues raised in his complaint challenging the denial of parole.  Thus, he has
23 not in any way shown a likelihood of success on the merits of his complaint or even that serious
24 questions have been raised.

25      However, unlike his attempt to challenge a denial of parole, the allegations contained in
26 plaintiff's letters and pleadings may form the basis for a civil rights claim.  Thus, to proceed,

plaintiff must file an amended complaint. Any parole challenge must be presented in a proper habeas petition. Any attempt to litigate his allegations regarding the conditions of his confinement must be presented in a properly filed § 1983 claim.

Any amended complaint must adhere to the following requirements:

It must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple lawsuits. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit

produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of these instructions.

Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a). By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action.

////

////

Accordingly, the court hereby ORDERS that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's request not to be housed in administrative segregation is denied. *See* Dckt. No. 7.

4. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order will result in a recommendation that this action be dismissed. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

5. The Clerk is directed to randomly assign a district judge to this case.

Further, it is hereby RECOMMENDED that plaintiff's motion for a temporary restraining order, Dckt. No. 8, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 18, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE