IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARMANDO HERRERA,

      Plaintiff,                        No. CIV S-10-1744 GEB EFB P

    vs.

GARDNER, et al.,

      Defendants.                 <u>ORDER</u>

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff claims that defendants T. Lee and S. Borsch classified him as an associate to the Mexican Mafia gang. He states that in 1980-81, his family member dropped out of the Mexican Mafia gang in Old Folsom Prison, and the CDC staff placed him in protective custody. He states that the defendants know this, but have classified him as an associate to the gang so that they can house him with gang members, who will kill him.

      Plaintiff has now filed another document, in which he reiterates that he will be killed if he is housed with Mexican Mafia gang members. Dckt. No. 41. He attaches a document showing that he has recently been classified as an associate to the Mexican Mafia gang, as well as a classification committee document from April 6, 1994, in which the Mexican Mafia gang is listed as his enemy.

1

1    It is unclear from plaintiff's pleadings when he expects that he may be housed with
Mexican Mafia gang members.  If plaintiff's allegations are true, he may be in danger of physical
harm.  Therefore, the court construes his pleadings as a request for a preliminary injunction, and
orders defendants to respond to the merits of his allegations within seven days of the date of this
order.  Specifically, defendants shall address whether this court should issue an order enjoining
defendants and CDCR from allowing plaintiff to come into contact with Mexican Mafia gang
members or sympathizers.  *See* Fed. R. Civ. P. 65(d)(2) (order granting an injunction binds
parties, officers, agents, servants, employees, and other persons who are in active concert or
participation with them).

   Plaintiff has also filed a "Motion for Protection from CDCR officers" in which he implies
that he expects retaliation from the correctional officers whom he has sued.  Plaintiff does not
claim that he has been retaliated against as a result of filing this lawsuit.  If plaintiff is retaliated
against in the future, he may then explain the circumstances to the court.  Plaintiff's motion is
therefore denied without prejudice.

   Accordingly, it is hereby ORDERED that:

   1. Defendants shall respond to plaintiff's allegations, as explained above, within seven
days of the date of this order.

   2. Plaintiff's motion for protection from CDCR is denied without prejudice.

   3. The Clerk of the court shall serve a copy of this order on Monica Anderson,
Supervising Deputy Attorney General.

Dated:  March 31, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE