IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARMANDO HERRERA,

      Plaintiff,                          No. CIV S-10-1744 GEB EFB P

   vs.

GARDNER, et al.,

      Defendants.                 <u>ORDER</u>

/

      Plaintiff is a state prisoner without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff claims that defendants knowingly classified him as an associate to the Mexican Mafia gang, even though in the past he was housed in protective custody because the Mexican Mafia gang is his enemy. He declares that if he is housed with gang members they will kill him.

      Specifically, plaintiff has declared under penalty of perjury that in 1981 he was placed in protective custody because his brother had dropped out of the gang. Dckt. No. 8. Recently, an inmate allegedly told plaintiff that he was going to stab him because the inmate knew that plaintiff's brother had been a dropout. Plaintiff claims that correctional officers told plaintiff that they would not protect him because plaintiff had filed a lawsuit against CDCR board members.

////

////

1

Plaintiff also alleges that, in the past, prison officials put him with his enemies in retaliation for "giving officers names to the courts" and he was beaten by ten inmates and had to be hospitalized.

Plaintiff attaches a document, dated 7/16/82, that appears to be a prison record. The document states:

> Subject was endorsed by the CSR for CTF SHU on 10/2/81 based on potential for future mainline housing which cannot be accomplished [illegible]. . . Folsom due to possible enemy factors. Committee notes CDC 812 which lists [illegible] at San Quentin and which lists Subject as an EME (Mexican Mafia associate). CDC 812 also refers to Brother, Ernest Herrera, B-51237 who is currently out on PC status at San Quentin due to EME dropout status . . . . In the CAC investigation, departmental records reflected Subject is an associate of the prison gang known as EME (Mexican Mafia). Subject denies ever having been a member of the gang and he contends that he can program in the CTF Central GP is he is released to mainline . . .

Dckt. No. 8 at 3. He also attaches another document dated 8/5/81, which is more difficult to read, but states in part:

> S made personal appearance before this committee as a new arrival, who was placed in Ad. Seg. because of information in his file which indicates that his life might be in danger at this institution. Specifically, S's brother Earnest Herrera B-51237, is a PC case at SQ, due to dropping out of the EME. In interview S presented a facade claiming that . . . and said he knows that his brother is a PC from the EME, but he . . . . Realistically, we know that this is not true that if one brother's in disfavor with a gang, the other brother can be in extreme jeopardy. Based on this we're not willing to take a chance on his life and are retaining him Indeterminably. SHU staff can determine whether or not transfer to SQ might resolve the situation as the EME are locked down at that institution, S might be able to walk a mainline . . . . He seem to indicate that in fact he may realize that he might be in some danger and presenting a brave front.

*Id.* at 4.

Plaintiff submitted another pleading under penalty of perjury in which he declares that he has been put in administrative segregation because defendants classified him as an associate to the Mexican Mafia gang. *See* Dckt. No. 32. He declares that the reason that defendants are "lying [and] . . . saying I'm an associate to the prison gang" is that they can house him with members of the Mexican Mafia, who will kill him. *Id.*

////

Plaintiff has also submitted a prison record, dated 1/24/11, and titled "Administrative Segregation Placement Notice," stating that he was placed in administrative segregation pending completion of an investigation into his involvement with the Mexican Mafia. Dckt. No. 41 at 4. The next page of the document states that there is sufficient evidence to change plaintiff's classification as an inactive associate of the Mexican Mafia to a "current active status" as an associate of the gang. *Id.* at 5. Finally, plaintiff has submitted a prison record dated 4/6/94, stating "CDC 812 indicates enemies: 'MEXICAN MAFIA' association." *Id.* at 7.

On March 31, 2011, the court ordered the U.S. Marshal to serve defendants, but service has not yet been effected. Also on March 31, 2011, the court construed plaintiff's pleadings as a request for a preliminary injunction, and ordered defendants to respond to the merits of his allegations within seven days. The court specifically directed defendants to address "whether this court should issue an order enjoining defendants and CDCR from allowing plaintiff to come into contact with Mexican Mafia gang members or sympathizers. *See* Fed. R. Civ. P. 65(d)(2) (order granting an injunction binds parties, officers, agents, servants, employees, and other persons who are in active concert or participation with them)." Dckt. No. 45. As defendants had not yet appeared in the action, the court specially served this order on Monica Anderson, Supervising Deputy Attorney General in the California Attorney General's office.

The time period has passed and defendants have not responded to the court's order. Nor has anyone from the Attorney General's office responded on their behalf in spite of the nature of the relief being sought.

Service on the individual defendants may possibly take months to effect. If plaintiff's allegations are true, he fares an imminent risk of bodily harm before defendants are served or respond to his preliminary injunction request.

Accordingly, it is hereby ORDERED that:

1. Within three days of the date of this order, counsel for defendants or counsel from the Attorney General's office shall 1) show cause why they should not be sanctioned for failing to

3

1  comply with the court's March 31, 2011 order and 2) show cause why the court should not issue
2  an order restraining defendants and CDCR from allowing plaintiff to come into contact with
3  Mexican Mafia gang members, associates or sympathizers.
4      2. Plaintiff's motion for injunctive relief is set for hearing on April 20, 2011 at 10:00 a.m.
5  in Courtroom 24 before the undersigned.
6      3. Monica Anderson, Supervising Deputy Attorney General, is ordered to appear at the
7  hearing.
8      4. Plaintiff is ordered to appear at the hearing by video-conference. The court will issue a
9  separate order to his custodian.
10     5. The Clerk of the court is directed to serve a copy of this order on Monica Anderson,
11 Supervising Deputy Attorney General, and on Benjamin Rice, General Counsel for the California
12 Department of Corrections and Rehabilitation, and Stephanie Clauss, Chief Deputy General
13 Counsel for the California Department of Corrections and Rehabilitation.
14 Dated: April 15, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE