IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARMANDO HERRERA,

    Plaintiff,                    No. CIV S-10-1744 GEB EFB P

    vs.

GARDNER, et al.,

    Defendants.              ORDER

        On April 20, 2011, the parties appeared before the undersigned for a hearing on plaintiff's motion for injunctive relief.  The court ordered defendants to submit further briefing within two days of the classification committee meeting regarding plaintiff's classification and/or placement explaining the procedures CDCR was taking and would take in the future to ensure plaintiff's safety.

        Defendants filed a response to the order on April 29, 2011, and supplemental briefing on May 11, 2011.[1]  Defendants' April 29 response stated that plaintiff had appeared before the classification committee on April 27, and that the committee elected to retain him in the administrative segregation unit at CMF, where he is single-celled and on walk-alone yard.

---

[1] The court has also received various filings from plaintiff.  Plaintiff's filings will be discussed in a later order, when the court rules on plaintiff's motions for injunctive relief.

1

1  Defendants further stated that plaintiff had been approved for transfer to the Psychiatric Services
2  Unit ("PSU") at CSP-Sac, and that "[b]ecause of plaintiff's psychiatric concerns, the committee
3  did not approve an alternate prison for transfer." Dckt. No. 59 at 2.  Defendants asserted that
4  plaintiff would remain at CMF for "at least another four to six months before transfer." *Id.*
5  Defendants asserted that at CSP-Sac PSU, inmates are single-celled and confined to a one-person
6  exercise module during yard time, are under the escort of two officers when they are removed
7  from their cells, are placed in individual holding cells during group therapy, and do not have
8  physical contact with each other. *Id.*  Defendants submitted a declaration from Diana Esquivel,
9  defendants' counsel, detailing her conversations with CDCR employees at CMF, as well as
10 copies of some emails written by those persons.  Defendants did not submit any declarations
11 from anyone who attended the committee meeting.

12      Defendants also submitted a copy of a summary of the classification committee's meeting
13 on April 27, 2011, which states that plaintiff is to be retained in ASU at CMF, but is referred for
14 "adverse transfer for indeterminate SHU to SAC-PSU/ no alternate." Dckt. No. 59 at 12.  The
15 document also states that plaintiff does not meet the criteria for a single cell; that plaintiff has
16 received all due process requirements and is currently validated as a Mexican Mafia associate;
17 and that "[n]o further issues were noted at this time." *Id.*  The document does not reflect that
18 plaintiff has had multiple chronos in his file over the year reflecting that he is a Mexican Mafia
19 enemy.

20      On May 11, 2011, defendants submitted supplemental briefing stating that counsel had
21 learned that plaintiff had not been confirmed for transfer to CSP-Sac after all.  Dckt. No. 66 at 2.
22 "Instead, the CSR endorsed plaintiff for transfer to the PSU at Pelican Bay State Prison." *Id.*
23 Defendants submitted another declaration by Esquivel, stating that after she returned to her
24 office from attending a deposition out of town, she read an email from plaintiff's counselor
25 which was forwarded to her by the litigation coordinator.  *Id.*  The email stated that the
26 classification staff representative had decided not to endorse plaintiff for transfer to SAC

1  because of the long waiting list, but instead endorsed him for transfer to the PSU at Pelican Bay
2  State Prison. *Id.* Esquivel declares that she was informed by the litigation coordinator at Pelican
3  Bay that inmates in the PSU at Pelican Bay are single-celled and on walk-alone yard; are
4  escorted by two officers when they are released from their cells; participate in group therapy
5  while in individual holding cells; and have no physical contact with one another. *Id.* Enemies
6  may be housed in the same housing unit at PSU. *Id.* But, Esquivel declares, "little chance, if
7  any, exists for inmate attacks." *Id.*

8  Defendants have not submitted any declarations from persons with personal knowledge
9  regarding what transpired at plaintiff's classification committee meeting, and have submitted no
10 evidence regarding whether the classification committee took into account plaintiff's previous
11 chronos showing that he is a Mexican Mafia enemy in deciding his future placement.  Nor have
12 defendants submitted any declarations from persons with personal knowledge regarding the
13 safety precautions taken at Pelican Bay PSU to keep enemies separate.  While defendants'
14 conclusions about what the chances are for inmate attack on gang enemies are presented with
15 great confidence, there is little or no underlying information and evidence to support those
16 conclusions.  The court cannot uncritically accept Esquivel's representation, based solely on
17 hearsay, that "little chance" exists that plaintiff will attacked by other inmates.

18 Accordingly, it is hereby ORDERED that, within five (5) days of the date of this order,
19 defendants shall submit supplemental briefing remedying the defects discussed above.
20 Dated: May 24, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE