IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARMANDO HERRERA,

        Plaintiff,                    No. CIV S-10-1744 GEB EFB P

   vs.

LEE, et al.,

        Defendants.          <u>ORDER</u>

_____/

        On May 6, 2011, defendants and their counsel filed a request for reconsideration of the magistrate judge's April 22 order jointly sanctioning Monica Anderson, Diana Esquivel, and the California Attorney General's Office $200. Pursuant to E.D. Local Rule 303(f), a magistrate judge's orders shall be upheld unless "clearly erroneous or contrary to law." Upon review of the entire file, the court affirms the magistrate judge's ruling.

        The magistrate judge sanctioned Anderson, Esquivel and the AGO after defendants failed to comply with a court order to respond to plaintiff's motion for preliminary injunction (in which plaintiff asserted that his life was in danger due to defendants' actions), and Esquivel submitted a declaration stating that the court order had not been served on the AGO.

        Sanctions can be awarded under the court's inherent power for bad faith conduct or conduct tantamount to bad faith. <u>Roadway Express, Inc. v. Piper</u>, 447 U.S. 752, 767 (1980).

1

Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose. Fink v. Gomez, 239 F.3d 989, 994 (2001). See, e.g., B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1107-08 (9th Cir. 2002) (attorney's knowing and reckless introduction of inadmissible evidence was tantamount to bad faith and warranted sanctions under the court's inherent power); Fink, 239 F.3d at 994 (attorney's reckless misstatements of law and fact, combined with an improper purpose, are sanctionable under the court's inherent power).

      Esquivel made several factual representations regarding whether the court's March 31, 2011 order was sent to the AGO. Esquivel wrote "the Court's docket does not show that a copy of the order was ever served on Anderson, and Anderson never received an electronic or hard copy of the order." Dckt. No. 53 at 2-3. She wrote "The Office of the Attorney General does not ignore Court orders"[1] and "any non-compliance was not caused by Defendants or anyone at the Office of the Attorney General." Id. at 3. She wrote "Defendants and the Office of the Attorney General were not served with a copy of the March Order. Defendants or their counsel would have timely responded if they had received notice of the Order." Id. at 8. Esquivel declared under penalty of perjury, "the Court's docket does not show that the March order was served on Anderson." Id. at 11. These representations are demonstrably false.

      The magistrate judge stated at the hearing, "The response that I received to my second order, I want to go over with you, because I'm troubled by it...your declaration says,...the Court's docket does not show that the March order was served on Anderson. When I go to the docket, and I look at No. 45...do you see on the last -- the last entry on the docket 45 states 'cc: Monica Anderson'?...So the docket does show that it was served on Monica Anderson...it's not subject to other interpretations. The entry, 'cc: Monica Anderson' couldn't be any clearer, but

---

[1] The court takes judicial notice of the docket in Hightower v. Patton, 08 CV 0228 MCE EFB P. On March 8, 2011, the court ordered defendant to show cause why default should not be entered against him, and directed the clerk to serve a copy of the order on Monica Anderson. Neither Anderson nor anyone else from the Attorney General's Office responded to the order.

1  lest you have doubt about it, all you have to do is put the cursor over the circle that's next to No.
2  45 when you're looking at it on your computer screen, and click that circle, and it gives you the
3  electronic service list of who -of the email addresses that were automatically served once the
4  order went out, and when you do that, it clearly shows your office, and it shows the email address
5  for Monica Anderson...Ms. Esquivel, when you look at the document...which displays the
6  electronic service list, it shows 'From,' and it shows the Court's address, email address, and then
7  it says 'To,' and then it has the Court mail list....it lists -- and you'll see Attorney General P.C.
8  Monica Anderson, and it shows Monica.Anderson@doj.ca.gov.  Clearly, the order was served on
9  your office. I have no doubt about that whatsoever."

10         Esquivel's sworn representation that the AGO had not been served with the order
11  was tantamount to bad faith, as it was a reckless misstatement of fact made in the context of a
12  frivolous argument that the AGO should not be sanctioned for not responding to the court's order
13  because the court had not actually sent the order.  A simple review of the docket or a phone call
14  to the court would have revealed that the order was indeed sent to Monica Anderson's office
15  email address.

16         Defendants argue that the magistrate judge was required to make an explicit
17  finding of bad faith.  <u>See</u> Mot. for Recons., citing <u>Zambrano v. City of Tustin</u>, 885 F.2d 1473,
18  1478 (9th Cir. 1985) ("A specific finding of bad faith by the trial judge or magistrate must
19  accompany the sanction order in all such cases.").  Some Ninth Circuit authority implies that
20  such an explicit finding is not always required.  <u>Toombs v. Leone</u>, 777 F.2d 465, 471 (9th
21  Cir.1985) (holding that explicit findings are not required where record supports a conclusion that
22  the sanctioned attorney acted in bad faith); <u>Optyl Eyewear Fashion Int'l Corp. v. Style
23  Companies</u>, 760 F.2d 1045, 1051 (9th Cir.1985) ("A district court's failure to make express
24  findings does not require a remand if 'a complete understanding of the issues may be had [from
25  the record] without the aid of separate findings'"); <u>In re Lehtinen</u>, 564 F.3d 1052, 1061 (2009)
26  ("Although the bankruptcy court did not explicitly state that [the attorney's] conduct was

performed in 'bad faith' or was 'willful,' it impliedly did so"). This court does not endeavor to reconcile these facially inconsistent lines of authority. Instead, this court now makes the specific finding that Esquivel's conduct, as explained by the magistrate judge at the hearing, was tantamount to bad faith. The false representations were both material and reckless.

Sanctions against Anderson and the AGO are authorized under 28 U.S.C. § 1927, which provides that an attorney who unreasonably and vexatiously "multiplies the proceedings" may be required to pay the excess fees and costs caused by his or her conduct. Section 1927 requires a finding of recklessness or bad faith. In re Keegan Mgmt. Co., 78 F.3d 431, 436 (9th Cir. 1996).

The magistrate judge's March 31, 2011 order directed defendants to file a response to plaintiff's motion for preliminary injunction within seven days. The magistrate judge directed that a copy of the order be electronically served on Anderson. Defendants did not respond to the court's March 31, 2011 order. The magistrate judge issued another order again directing defendants to respond to plaintiff's allegations, and to show cause why counsel for defendants should not be sanctioned for failing to comply with the previous order. The judge set the motion and the order to show cause for hearing, which required the California Department of Corrections to bring plaintiff to the hearing.

At the hearing, the magistrate judge stated, "I ordered the defendants to respond to the allegations within seven days, and I specifically provided in that order that your office be served. There was no response to that order...I finally got a response out of your office, and I'll tell you, Ms. Esquivel, I don't like having to order the prison to bring an inmate here...but when I don't get a response to my order, it puts me in a position where I have to figure out what's going on...[W]ith my earlier order, I tried to take a less intrusive route, but it was ignored entirely." Defendants' explanation for their failure to respond to the March 31 order was that Anderson was out of the office on medical leave at the time and was not checking her email. Her secretary was put in charge of reviewing her email, but did not see the order. The magistrate judge stated, "The

1  other thing that bothers me is the -- for whatever reason, someone decided that a secretary in your
2  office needed to sign a declaration and I don't know if the approach here is to first blame the
3  Court or the Court staff, and if that doesn't work, then to blame a secretary in your
4  office..."

Anderson and the AGO unreasonably and vexatiously multiplied the proceeding by failing to respond to the court's first order.  Their failure to respond to the court order was reckless, as Anderson and the AGO gave a non-attorney the sole responsibility of reviewing court orders.  This recklessness occasioned an additional court order and a hearing.  $200 is at most a modest sanction for these extra proceedings.

Therefore, IT IS HEREBY ORDERED that, upon reconsideration, the order of the magistrate judge filed April 22, 2010, is affirmed.

Dated: July 7, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge