IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARMANDO HERRERA,

      Plaintiff,                             No. CIV S-10-1744 GEB EFB P

    vs.

GARDNER, et al.,

      Defendants.                      FINDINGS AND RECOMMENDATIONS

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  Presently before the court is defendants Lee and Borsh's ("defendants") motion to dismiss for failure to exhaust administrative remedies and for failure to state a claim pursuant to Federal Rules of Civil Procedure ("Rule") 12(b) and 12(b)(6).  Dckt. No. 74.  For the reasons stated herein, the undersigned recommends that the motion be granted on the ground that plaintiff failed to exhaust available administrative remedies.

**I.    Background**

      This action proceeds on plaintiff's first amended complaint filed on February 15, 2011. Dckt. Nos. 32, 36.  On May 10, 2011, plaintiff filed a document titled, "Amended to Lawsuit," which the court did not screen pursuant to 28 U.S.C. § 1915A.  In their June 3, 2011 motion to dismiss, defendants treat the May 10th filing as the operative pleading.  *See* Dckt. No. 74.

1

However, the allegations raised in the May 10th pleading concern events that allegedly occurred after plaintiff filed his first amended complaint. *See* Dckt. Nos. 32, 67. Rule 15(d) permits a party to file a supplemental pleading setting out events that occurred after the date of the pleading to be supplemented. Accordingly, the court construes the May 10th filing as a supplemental pleading to plaintiff's amended complaint.

In the amended complaint, plaintiff alleges that on December 23, 2010, he was placed in administrative segregation because defendants Lee and Borsh classified him as an associate of the Mexican Mafia prison gang. Dckt. No. 32 at 1. He alleges that in 1980-81 he had a family member that dropped out of the Mexican Mafia in Old Folsom, and that prison officials had him locked up to protect him from Mexican Mafia gang members. *Id*. at 1-2. The amended complaint states that defendants know this, but classified plaintiff as an associate of the Mexican Mafia so that he would be housed with gang members who want to kill him. *Id*. at 2. In his supplemental pleading, plaintiff claims that as of April 27, 2011 he was being held in administrative segregation for his alleged association with the Mexican Mafia prison gang. Dckt. No. 67 at 1-2.

Defendants now move to dismiss on the ground that plaintiff failed to exhaust his administrative remedies prior to filing suit. Defendants also move to dismiss pursuant to Rule 12(b)(6), arguing: 1) that plaintiff failed to allege that the conditions of his confinement subjected him to a substantial risk of harm, and 2) that defendants are entitled to qualified immunity.

**II.     Exhaustion of Administrative Remedies**

    **A.     Exhaustion Under The PLRA**

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions [under section 1983 of this title] until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Prison conditions" subject to the exhaustion requirement have been defined broadly as "the effects of actions by government

officials on the lives of persons confined in prison . . . ." 18 U.S.C. § 3626(g)(2); *Smith v. Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d Cir. 2002). To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint, but need only provide the level of detail required by the grievance system itself. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case").

Prisoners who file grievances must use a form provided by the California Department of Corrections and Rehabilitation, which instructs the inmate to describe the problem and outline the action requested. The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions. *See* Cal. Code Regs. tit. 15, § 3084.7. Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. *Id.* § 3084.1(b).

Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). For a remedy to be "available," there must be the "possibility of some relief. . . ." *Booth*, 532 U.S. at 738. Relying on *Booth*, the Ninth Circuit has held:

> [A] prisoner need not press on to exhaust further levels of review once he has received all "available" remedies at an intermediate level of review or has been reliably informed by an administrator that no remedies are available.

*Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

Although a motion to dismiss for failure to exhaust administrative remedies prior to filing suit is normally brought under Rule 12(b) of the Federal Rules of Civil Procedure, when ruling on such a motion requires the court to look beyond the pleadings in the context of disputed

3

1 issues of fact the court must do so under "a procedure closely analogous to summary judgment."
2 *Wyatt*, 315 F.3d at 1119, n.14.  Because care must be taken not to resolve credibility on paper as
3 it pertains to disputed issues of material fact, the undersigned applies the Rule 56 standards to
4 exhaustion motions that require consideration of materials extrinsic to the complaint.  *See*
5 *Chatman v. Felker*, No. Civ. S-06-2912 LKK EFB, 2010 WL 3431806, at *2-3 (E.D. Cal. Aug.
6 31, 2010).

7       Defendants bear the burden of proving plaintiff's failure to exhaust.  *Wyatt*, 315 F.3d at
8 1119.  To bear this burden:

> a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. Relevant evidence in so demonstrating would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case . . . . With regard to the latter category of evidence, information provided [to] the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

15 *Brown*, 422 F.3d at 936-37 (citations omitted).

16       On March 31, 2011, the court informed plaintiff of the requirements for opposing a
17 motion to dismiss for failure to exhaust available administrative remedies as well as a motion
18 pursuant to Rule 56 of the Federal Rules of Civil Procedure.  *See Rand v. Rowland*, 154 F.3d
19 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999); *Klingele v. Eikenberry*,
20 849 F.2d 409 (9th Cir. 1988); *Wyatt,* 315 F.3d at 1120, n.14.

21     **B.**    **Discussion**

22       Defendants contend that plaintiff failed to exhaust his administrative remedies because
23 plaintiff did not complete the prison's administrative process prior to filing this suit.  In support
24 of their motion, defendants submit: 1) the declaration of D. Foston, Chief of the Inmate Appeals
25 Branch for the California Department of Corrections and Rehabilitation ("CDCR") ("Foston
26 Decl.") and 2) the declaration of W. Sinkovich, Appeals Coordinator for California Medical

Facility in Vacaville ("Sinkovich Decl.").

According to defendants' evidence, between December 1, 2010, and May 10, 2011, plaintiff only filed one grievance that was accepted at any level review. Sinkovich Decl. ¶ 4, Ex. B. Plaintiff submitted this grievance, designated log number CMF-M-00177, on January 26, 2011, challenging his validation as an associate of the Mexican Mafia and his placement in administrative segregation. *Id.*, Ex. B at 4. Plaintiff's grievance bypassed the informal level and was denied at the first level of review on March 3, 2011. *Id.*, Ex. B at 4-5. The first level response was modified on March 15, 2011, but still denied plaintiff's grievance. *Id.*, Ex. B at 14. Plaintiff's appeal form indicates that he did not seek further review at the second level. *Id.*, Ex. B at 5. However, defendant's evidence shows that plaintiff did seek further review at the Director's level on March 15, 2011. *Id.* ¶ 3, Ex. A at 4. The appeal was screened out because plaintiff had improperly bypassed a lower level of review. *Id.* ¶ 3, Ex. A at 4. Defendants' evidence shows that between December 1, 2010, and May, 10, 2011, plaintiff did not file a grievance that was accepted for review at the Director's level. Foston Decl. ¶ 3.

"[A] prisoner must exhaust his administrative remedies for the claims contained within his complaint before that complaint is tendered to the district court." *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010). Plaintiff initially asserted claims against defendants in his first amended complaint, filed on February 15, 2011. *See* Dckt. Nos. 1, 32. Plaintiff alleged that he was impermissibly placed in administrative segregation in December 2010 because of defendants' actions. Dckt. 32 at 1. But at the time plaintiff filed his amended complaint, he had not yet received even the first level response to his grievance challenging his placement in administrative segregation. Thus, it is evident that administrative remedies remained available to plaintiff at the time he filed his amended complaint. The record further reflects that plaintiff's March 15, 2011 appeal to the Director's level was properly screened out as improperly bypassing the second level of review, and at the time plaintiff filed his supplemental pleading on May 10, 2011, he had still failed to properly file any grievance at the Director's level of review.

5

1 Thus, the undersigned finds that defendants have satisfied their burden of proving the absence of
2 exhaustion, as their evidence establishes that plaintiff failed to exhaust available administrative
3 remedies as required.[1]

4     In his opposition brief, plaintiff complains about a lack of access to the law library.
5 Dckt. No. 91.  He does not contend that he properly exhausted available administrative remedies
6 or otherwise dispute defendants' evidence or arguments.  Nor does plaintiff explain why he
7 would require access to the law library to advance such arguments.  Plaintiff thus fails to create a
8 genuine dispute as to whether he properly exhausted his claims.

9     Accordingly, it is hereby RECOMMENDED that defendants' June 3, 2011 motion to
10 dismiss be granted and the Clerk be directed to close the case.

11     These findings and recommendations are submitted to the United States District Judge
12 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
13 after being served with these findings and recommendations, any party may file written
14 objections with the court and serve a copy on all parties.  Such a document should be captioned
15 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
16 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
17 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
18 Dated:  February 22, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Accordingly, the undersigned need not address defendants' alternative arguments for dismissal.